**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| In re: | **Ricardo Vito Pineda** | Case No. **10-71236** |
|---|---|---|
| | **Joan D. Pineda** | |
| | | **CHAPTER 13 PLAN - 3rd AMENDED** |
| | Debtor(s). | |

1. The future earnings of the debtor(s) are submitted to the supervision and control of the trustee, and the debtor(s) will pay to the Trustee the sum of $ __145.00__ each month for __3**__ months.
   Debtor(s) elect a voluntary wage order. _____.

2. From the payments received, the Trustee will make disbursements in accordance with the Distribution Guidelines as follows:
   (a) On allowed claims for expenses of administration required by 11 USC §507.
   (b) On allowed secured claims, which shall be treated and valued as follows:

| §506 | Non §506 | Name | Value of Collateral | Claim Amount | Pre-confirmation Adequate Protection | Post confirmation Payments | Estimated Mortgage Arrears | Interest Rate (If Specified) |
|---|---|---|---|---|---|---|---|---|
| | | -NONE- | | | | | | |

With respect to secured claims per §506, valuation stated shall bind unless a timely objection to confirmation is filed. With respect to non §506 secured claims as referenced in §1325, the claim, to the extent allowed, shall control. If an interest rate is not specified, 5/6% per month (10% per annum) will be paid. A secured creditor shall retain its lien until the earlier of the payment of the underlying debt determined under non-bankruptcy law or discharge under section §1328.

   (c) On allowed priority unsecured claims in the order prescribed by 11 USC § 507. Priority claims shall be paid in full except to the extent allowed otherwise under 11 U.S.C. § 1322(a)(4).
   (d) On allowed general unsecured claims the debtor(s) estimate(s) the general unsecured claims will be paid **Pro Tanto** %.

3. The following executory contracts are rejected. The debtor(s) waive the protections of the automatic stay provided in 11 U.S.C. § 362 to enable the affected creditor to obtain possession and dispose of its collateral without further order of the court. Any allowed unsecured claim for damages resulting from rejection will be paid under paragraph 2(d).
   **-NONE-**

4. The debtor(s) will pay directly the following fully secured creditors and lessors:

| Name | Monthly Payment |
|---|---|
| **Bank Of America** | **None** |
| **Chrysler Financial** | **276.50** |
| **East Bay Postal Credit** | **158.00** |
| **Onewest Bank** | **1,387.88** |

5. The date this case was confirmed will be the effective date of the plan.

6. The debtor(s) elect to have property of the estate revest in the debtor(s) upon plan confirmation. Once the property revests, the debtor(s) may sell or refinance real or personal property without further order of the court, upon approval of the Chapter 13 Trustee.

7. The debtor(s) further propose pursuant to 11 USC § 1322(b): **The value of the property located at 1650 Burkhart Ave., San Leandro, California, is $335,000.00 **The Debtors will file a separate Motion to Value Collateral to avoid the 2nd Deed of Trust held by Bank of America on the grounds that such mortgage is wholly unsecured. The avoidance of the 2nd Deed of Trust will have no affect upon the 1st Deed of Trust held by Onewest Bank per the U.S. Bankruptcy code. The valuation stated above shall be binding for the purposes of such a motion.**
   **Special Intentions:**
   **Hsbc - Best Buy (acct. #ending 2150): Debtors will pay claim at 100% - to protect co-debtor.**

   **The Debtors propose to increase their plan payments in January 2011, to $203.00 per month for the remaining 57 months of the plan. This should be sufficient for the plan to complete within the 60 months allowed by the court.**

| Dated: | January 11, 2011 | **Richard Pineda** | **Joan Pineda** |
|---|---|---|---|
| | | (Debtor) | (Debtor) |

In re: **Ricardo Vito Pineda**  Case No. **10-71236**
**Joan D. Pineda**

**CHAPTER 13 PLAN - Continuation Sheet**

Debtor(s).

I/We **Steven Jacobs 76871** am/are legal counsel for the above named debtors(s) and hereby certify that the foregoing Chapter 13 Plan is a verbatim replica of this N.D. Cal., Oakland Division Model Chapter 13 Plan (October 2005), promulgated pursuant to B.L.R. 1007-1.

**Steven Jacobs**

Attorney for Debtor(s)

In re  Ricardo Vito Pineda
      Joan D. Pineda      Case No. **10-71236**
                         Debtor(s)      Chapter **13**

# PROOF OF SERVICE BY MAIL

I, **Carolina Rangel**, declare that I am a resident of or employed in the County of **Alameda**, State of **California**. My address is **14895 E.14th St., Ste. 390, San Leandro, CA 94578**. I am over the age of eighteen years of age and am not a party to this case.

On January 11, 2011, I served the **3rd Amended Chapter 13 Plan** on the parties listed below, by placing true and correct copies thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the United States Mail at **San Leandro, CA** addressed as follows:

**Martha G. Bronitsky
Chapter 13 Trustee
P.O. Box 5004
Hayward, CA 94545
Office of the US Trustee
1301 Clay Street, Suite 690N
Oakland, CA 94612**

I declare under penalty of perjury under the laws of the United States of America and the State of California, that the foregoing is true and correct to the best of my knowledge, information and belief. This declaration was executed on January 11, 2011.

  **/s/ Carolina Rangel**
**Carolina Rangel**